**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**RICKEY VIVRETTE,**

                **Petitioner,**

  v.

                                               Case No. 10-C-415

**RICK RAEMISCH,**
**Secretary of the Wisconsin**
**Department of Corrections,**

                **Respondent.**

---

## DECISION AND ORDER

---

Pro se Petitioner Rickey Vivrette ("Vivrette"), who is currently confined in the Manitowoc County Jail filed a petition and affidavit for leave to proceed *in forma pauperis* on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Vivrette named the Honorable Scott Woldt ("Woldt"), a Circuit Court Judge for Winnebago County, Wisconsin as the Respondent. However, Woldt is not the proper respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f the petitioner is presently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The final page of Vivrette's petition and affidavit for leave to proceed *in forma pauperis* states that he is being detained by the W.D.O.C. at the Manitowoc County Jail. Based on the foregoing, Rick Raemisch ("Raemisch"), Secretary of the Wisconsin Department of Corrections, is the state officer who

has custody of the petitioner. Accordingly, the Court has substituted Raemisch as the Respondent.

To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: 1) whether the litigant is unable to pay the costs of commencing the action; and 2) whether the action is frivolous or malicious. 28 U.S.C. § 1915(a)(1) & (e)(2). The Court is obligated to give the petitioner's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Vivrette's affidavit of indigence indicates that he is not employed but his monthly income is $8.00. Additionally, the Resident History Report from the Manitowoc County Jail discloses that as of May 10, 2010, Vivrette has $51.96 in his jail account. Vivrette also indicates that he has no monthly expenses. Given that all his basic needs are provided for by the jail, this Court concludes that Vivrette does not qualify under Section 1915(a) as an indigent unable to pay the $5.00 filing fee for commencing the instant action for a writ of habeas corpus. Thus, if Vivrette wants the Court to give further consideration to his petition, he must pay the $5.00 filing fee. Vivrette is further advised that if he fails to pay the filing fee by June 21, 2010, this action will be dismissed without prejudice for failure to prosecute pursuant to Civil Local Rule 41(c) (E.D. Wis.).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Raemisch is **SUBSTITUTED** as the Respondent.

Vivrette's petition for leave to proceed *in forma pauperis* (Docket No. 2) is **DENIED**.

If Vivrette intends to proceed with his petition, Vivrette **MUST** pay the $5.00 filing fee by **June 21, 2010.**

Dated at Milwaukee, Wisconsin this 20th day of May, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**