**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**RICKEY VIVRETTE,**

        Petitioner,

v.

        Case No. 10-C-415

**RICK RAEMISCH,**
**Secretary of the Wisconsin**
**Department of Corrections,**

        Respondent.

**SUPPLEMENTAL DECISION AND ORDER**

Pro se Petitioner Rickey Vivrette ("Vivrette"), confined in the Manitowoc County Jail, filed a petition and affidavit for leave to proceed *in forma pauperis* on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After the denial of Vivrette's petition for leave to proceed *in forma pauperis* and Vivrette's payment of the filing fee, the Court issued a Decision and Order on June 23, 2010, dismissing the petition upon preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, because Viverette has not exhausted his state remedies. The dismissal for failure to exhaust remedies was not a ruling on the merits of Viverette's petition.

Rule 11 of the Rules Governing Rules Governing Section 2254 Cases in United States District Courts requires that when a Court issues a final order adverse to a Petitioner

it issue or deny a certificate of appealability ("COA"). Thus, this Court is issuing this Supplemental Decision and Order.

A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That requires, in turn, that the court's ruling be "debatable" among "jurists of reason." See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. The instant case does not satisfy that standard. Therefore, this Court declines to issue a COA.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Court declines to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin this 1st day of July, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**